```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x

UNITED STATES OF AMERICA               :

    - v. -                              :

MARCUS ERODICI,                         :

                 Defendant.          :

                                                  :

---------------------------------- x

**GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

10 Cr. 374 (KMW)

        The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of MARCUS ERODICI (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about October 25, 2011.

### I. Background

        1.     On or about April 29, 2010, the Defendant, along with others, was charged in a two-count Indictment (the "Indictment") (Dkt. No. 2), with conspiracy to distribute and possess with intent to distribute oxycodone, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) (Count One) and distributing and possessing with the intent to distribute oxycodone, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C) and Title 18, United States Code, Section 2 (Count Two).

        2.     The Indictment included a forfeiture allegation seeking forfeiture pursuant to Title 21, United States Code, Section 853, of any property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the offense alleged in Counts One and Two of the Indictment, and any and all property used or intended to be used in any manner or

part to commit and to facilitate the commission of such offenses, including but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment.

3. The Indictment also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property (i) cannot be located or obtained; (ii) has been transferred or sold to a third party person; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be subdivided without difficulty; then the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant.

4. On or about March 17, 2011, the Defendant pled guilty to Counts One and Two of the Indictment.

5. On or about October 17, 2011, the Defendant was sentenced and ordered to forfeit $5,000.00 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment.

### The Order of Forfeiture

6. On or about October 25, 2011, the Court entered an Order of Forfeiture (the "Order of Forfeiture") (Dkt. No. 93) imposing a $5,000.00 money judgment against the Defendant (the "Money Judgment").

7. To date, the entire Money Judgment against the Defendant remains unpaid.

2

### The Treasury Offset Program

8. Congress has directed that each federal agency "shall try to collect" monetary claims owing to the United States government when the claim arises out of the agency's activities. 31 U.S.C. § 3711(a)(1). If an agency's attempts to collect a claim are unsuccessful, the agency, subject to certain exceptions, may "withhold[] funds payable by the United States . . . to, or held by the United States for, a person to satisfy a claim." 31 U.S.C. §§ 3701(a)(1) and 3716(a).

9. The United States Department of Treasury operates a centralized delinquent debt collection program for this purpose known as the Treasury Offset Program ("TOP"), which collects delinquent debts by withholding payments disbursed by agencies, such as tax refunds or payments by the Social Security Administration. *See* Declaration of United States Deputy Marshal John Calabria of the United States Marshals Service (the "Calabria Declaration" or "Calabria Decl.") ¶ 12.

10. As part of this disbursement process, TOP compares the name and tax identification number ("TIN") of a payee with TINs associated with delinquent debts in the TOP debt database. *Id.* ¶ 13. If the name and TIN of the payee match the name and TIN of a debtor in the TOP database, TOP immediately reduces the payment to the payee by either the amount of the payee's debt or the amount of the payment, whichever is less. *Id.* At the time of the offset, TOP automatically reduces the balance of the payee's delinquent debt by the amount of the offset. *Id.*

11. Pursuant to 31 U.S.C. §§ 3701(d) and 3716(h), during a twelve-month period a total amount of $9,000 in Social Security payments is exempted from TOP.

3

Accordingly, TOP will never offset a monthly Social Security Payment that is equal or less than $750.00. Additionally, the amount taken by TOP from a monthly Social Security payment will be 15% of the total payment or the amount of the payment that exceeds $750.00 whichever is less.

### The Location of Additional Assets

12. As set forth in the Calabria Declaration, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant.

13. However, the United States has located the following assets of the Defendant:

   a. $2,769.00 in United States currency in the possession of the United States Marshals Service, representing refunds on federal tax returns made by the Internal Revenue Service to the Defendant that were intercepted by the Treasury Offset Program between April 20, 2016 and September 1, 2020; and

   b. The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the forfeiture Money Judgment.

(a. and b. collectively, the "Substitute Assets").

14. As a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offenses charged in Counts One and Two of the Indictment. The United States is now seeking to forfeit the Defendant's interest in the Substitute Assets and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

4

15. For the following reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States, and applied as a payment towards the Money Judgment.

### III. Discussion

16. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

    (A)    cannot be located upon the exercise of due diligence;
    (B)    has been transferred or sold to, or deposited with, a third party;
    (C)    has been placed beyond the jurisdiction of the court;
    (D)    has been substantially diminished in value; or
    (E)    has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

17. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

18. Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the defendant's offenses. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the

5

Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the Government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If no petitions are filed, or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third party claims are resolved by the Court.

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith

forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
November 16, 2020

                AUDREY STRAUSS
                Acting United States Attorney for the
                Southern District of New York

By:   */s/ Alexander Wilson*
      ALEXANDER J. WILSON
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      (212) 637-2453

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :

UNITED STATES OF AMERICA
                                                     :    **PRELIMINARY ORDER OF**
            - v. -                                        **FORFEITURE AS TO**
                                                     :    **SUBSTITUTE ASSETS**

MARCUS ERODICI,
                                                   :    10 Cr. 374 (KMW)

                     Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       WHEREAS, on or about April 20, 2010, the defendant MARCUS ERODICI (the "Defendant"), along with others, was charged in a two-count Indictment (the "Indictment") (Dkt. No. 2), with conspiracy to distribute and possess with intent to distribute oxycodone, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) (Count One,) and distributing and possessing with the intent to distribute oxycodone, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C) and Title 18, United States Code, Section 2 (Count Two);

       WHEREAS, the Indictment included a forfeiture allegation seeking forfeiture pursuant to Title 21, United States Code, Section 853, of any property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the offense alleged in Counts One and Two of the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, including but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment;

1

WHEREAS, the Indictment also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property (i) cannot be located or obtained; (ii) has been transferred or sold to a third party person; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be subdivided without difficulty; then the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about March 17, 2011, the Defendant pled guilty to Counts One and Two of the Indictment;

WHEREAS, on or about October 17, 2011, the Defendant was sentenced and ordered to forfeit $5,000.00 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about October 25, 2011, the Court entered an Order of Forfeiture (the "Order of Forfeiture") (Dkt. No. 93) imposing a $5,000.00 money judgment against the Defendant (the "Money Judgment");

WHEREAS, to date the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

  a. $2,769.00 in United States currency in the possession of the United States Marshals Service, representing refunds on federal tax returns made by the Internal Revenue Service to the Defendant that were intercepted by the Treasury Offset Program between April 20, 2016 and September 1, 2020; and

  b. The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the forfeiture Money Judgment.

(a. and b. collectively, the "Substitute Assets").

  NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

  1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

  2. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

  3. Upon entry of this Preliminary Order of Forfeiture of Substitute Asset, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure custody and control.

  4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication

3

of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

[THIS SPACE LEFT INTENTIONALLY BLANK]

9. The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

Dated: New York, New York
       November 18, 2020

SO ORDERED:

_____
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE